NOTICE

*The text of this opinion can be corrected before the opinion is published in the* *Pacific* *Reporter*. *Readers are encouraged to bring typographical or other formal* *errors to the attention of the Clerk of the Appellate Courts:*

*303 K Street, Anchorage, Alaska 99501*
*Fax: (907) 264-0878*
*E-mail: corrections@akcourts.us*

IN THE COURT OF APPEALS OF THE STATE OF ALASKA

ELIZABETH ROSE HILLMAN,

Appellant,

v.

STATE OF ALASKA,

Appellee.

Court of Appeals No. A-12032
Trial Court No. 3AN-13-7865 CR

O P I N I O N

No. 2524 — September 23, 2016

Appeal from the District Court, Third Judicial District, Anchorage, Jo-Ann Chung, Judge.

Appearances: Cynthia L. Strout, Attorney at Law, Anchorage, for the Appellant. John H. Haley, Assistant Attorney General, Office of Special Prosecutions, Anchorage, and Craig W. Richards, Attorney General, Juneau, for the Appellee.

Before: Mannheimer, Chief Judge, Allard, Judge, and Suddock, Superior Court Judge.[*]

Judge ALLARD.

Following a jury trial, Elizabeth Rose Hillman was convicted of promoting contraband in the second degree, AS 11.56.380(a)(1), for "introduc[ing], tak[ing],

---

[*] Sitting by assignment made pursuant to Article IV, Section 16 of the Alaska Constitution and Administrative Rule 24(d).

convey[ing], or attempt[ing] to introduce, take, or convey contraband into a correctional facility." On appeal, Hillman argues she could not be convicted of promoting contraband under this subsection because this subsection was not meant to apply to individuals in her position (*i.e.*, those who are incarcerated and already inside a correctional facility).

For the reasons explained in this opinion, we agree that subsection (a)(1) of the statute does not apply to Hillman's conduct. We therefore reverse her conviction.

*Factual and legal background of this case*

Hillman was serving a jail sentence at Hiland Mountain Correctional Center. After a visit in the enclosed prison yard with a visitor who came from outside the correctional facility, Hillman entered the "strip-out" room — a room where inmates are strip-searched to prevent contraband from entering the prison from the visitor yard. When Hillman took off her shirt and handed it to the officer on duty, a plastic baggie fell to the floor. The baggie contained chewing tobacco — a substance prohibited to prisoners. Based on this incident, the State charged Hillman with second-degree promoting contraband.

Alaska Statute 11.56.380(a) provides for two ways that a person can commit the crime of second-degree promoting contraband:

> (a) A person commits the crime of promoting contraband in the second degree if the person
> (1) introduces, takes, conveys, or attempts to introduce, take, or convey contraband *into* a correctional facility; or
> (2) makes, obtains, possesses, or attempts to make, obtain, or possess anything that person knows to be contraband *while under official detention within a correctional facility*. (emphasis added)

Here, Hillman was under official detention within a correctional facility when she obtained the contraband, but she was prosecuted under subsection (a)(1) of the statute, the subsection enacted for persons who are bringing contraband into the facility.

At Hillman's trial, her attorney pointed out that subsection (a)(2) — not subsection (a)(1) — was the portion of the statute that appeared to apply to Hillman's conduct, and the attorney asked the district court to grant Hillman a judgment of acquittal on this basis. After hearing the defense attorney's argument, the prosecutor sought to amend the charging document to include both subsection (a)(1) and subsection (a)(2), and the prosecutor asked the judge to instruct the jury on both subsections.

The trial judge denied Hillman's motion for judgment of acquittal and the State's motion to amend the charge. The judge concluded that *both* subsections applied to Hillman's conduct, and that the State therefore had the discretion to charge Hillman under either subsection.

At the close of the trial, the jury was instructed on subsection (a)(1) only (which has a lower mens rea than subsection (a)(2)), and the jury convicted Hillman of violating that subsection.

Hillman now appeals, renewing the same legal arguments she raised below. The State has not cross-appealed the denial of its motion to amend the charge.

*Why we conclude that Hillman's conduct did not violate subsection (a)(1)*

The proper interpretation of a statutory provision is a question of law that we review *de novo.*[1] Alaska courts apply a sliding-scale approach to statutory interpretation.[2] Under this approach, the plain language of a statute is significant but

---

[1]  *Ward v. State, Dep't of Pub. Safety*, 288 P.3d 94, 98 (Alaska 2012).

[2]  *Id.*

does not always control; rather, "legislative history can sometimes alter a statute's literal terms."[3] As a general rule, "the plainer the language of the statute, the more convincing contrary legislative history must be."[4]

Here, the legislative history of AS 11.56.380 unambiguously demonstrates that the legislature intended the two subsections to apply to two different groups of people. The first subsection (a)(1) was intended to apply to non-incarcerated persons who brought contraband from outside the correctional facility into the facility. The second subsection (a)(2) was intended to apply to incarcerated persons who obtain contraband while they are within the correctional facility.

The Commentary to Alaska's Revised Criminal Code explains this distinction:

> Note that the crime [of promoting contraband in the second degree] can be committed by either the person who brings the contraband into the facility (§ 380(a)(1)) or the person confined in the facility (§ 380(a)(2)). Use of the culpability term "knows" in § 380(a)(2) and its absence in (a)(1) indicates that the person who brings the contraband into the facility is not required to know that the item is contraband. Recklessness is sufficient as to that element (§ 11.81.-610(b)(2)). Such recklessness could be established by the nature of the item (*i.e.*, firearm) or by the posting by correctional officials of a list of contraband items near the entrance of the facility.[5]

---

[3] *Id.*

[4] *Id.*

[5] Commentary on the Alaska Revised Criminal Code, Senate Journal Supp. No. 47 at 79, 1978 Senate Journal 1399.

The statutory language directly mirrors this Commentary. Subsection (a)(1) of the statute refers to persons who introduce, take, or convey contraband "into a correctional facility." Subsection (a)(2), on the other hand, refers to persons who make, obtain, or possess contraband while the person "[is] under official detention within a correctional facility."

We therefore conclude that only subsection (a)(2) of the statute applies to Hillman's conduct in this case. Because Hillman was tried under subsection (a)(1), the district court should have granted Hillman's motion for a judgment of acquittal.

The judgment of the district court is REVERSED.