NOTICE

*The text of this opinion can be corrected before the opinion is published in the*
*<u>Pacific Reporter</u>. Readers are encouraged to bring typographical or other formal*
*errors to the attention of the Clerk of the Appellate Courts:*

*303 K Street, Anchorage, Alaska 99501*
*Fax: (907) 264-0878*
*E-mail: corrections@akcourts.gov*

IN THE COURT OF APPEALS OF THE STATE OF ALASKA

DUSTY J. COWAN,

Appellant,

v.

STATE OF ALASKA,

Appellee.

Court of Appeals No. A-14106
Trial Court No. 1WR-19-00030 CR

**O P I N I O N**

No. 2792 — October 25, 2024

Appeal from the Superior Court, First Judicial District, Wrangell, Jude Pate and Kevin G. Miller, Judges.

Appearances: Elizabeth D. Friedman, Law Office of Elizabeth D. Friedman, Prineville, Oregon, for the Appellant. Seneca Theno Freitag, Assistant Attorney General, Office of Criminal Appeals, Anchorage, and Treg R. Taylor, Attorney General, Juneau, for the Appellee.

Before: Allard, Chief Judge, and Wollenberg and Harbison, Judges.

Judge ALLARD.

Dusty J. Cowan was convicted, following a jury trial, of one count of online enticement of a minor and one count of distribution of indecent materials to a

minor[1] for sending sexually explicit messages, including photographs of his penis, over Facebook Messenger to fourteen-year-old T.T. Cowan conceded the statutory aggravating factor that he was more than ten years older than T.T.[2] He was sentenced to a composite sentence of 10 years with 3 years suspended (7 years to serve). Cowan now appeals, challenging his convictions and his sentence.

First, Cowan argues that it was structural error for the superior court to deny his motion to dismiss the indictment on the online enticement count. We conclude that this argument is without merit and that the superior court did not err in denying Cowan's motion.

Second, Cowan argues that the prosecutor failed to prove a material element of the online enticement count. He asserts that this constituted structural error or, at the very least, was not harmless beyond a reasonable doubt. We conclude that the prosecutor did not fail to prove a material element and therefore reject this claim of error.

Third, Cowan argues that the superior court erred when it failed to merge the online enticement conviction with the distribution of indecent materials conviction. For the reasons explained here, we agree with the superior court that the two convictions do not merge.

Fourth, Cowan argues that his sentence is excessive. Because Cowan's sentence fits within the range of permissive sentences that a reasonable judge could impose, we reject this claim of error.

---

[1]    Former AS 11.41.452(a)(1) (2018) and AS 11.61.128(a), respectively.

[2]    Former AS 12.55.155(c)(18)(E) (2018). Cowan was approximately thirty-seven years old at the time he exchanged sexually explicit pictures and messages with fourteen-year-old T.T.

Lastly, Cowan challenges four of his probation conditions. The State concedes that one of the conditions should be remanded, and this concession is well-founded. We otherwise uphold the challenged probation conditions.

*Factual background and prior proceedings*

Fourteen-year-old T.T. spent the summer of 2018 in Wrangell with the Cowans, who were family friends. T.T.'s family and the Cowans had been friends for years and T.T. frequently spent summers with the Cowans. T.T. referred to Cowan and his wife as her second "dad" and "mom," and to their fourteen-year-old daughter as her "sister."

T.T. usually returned from summers with the Cowans having enjoyed her time with them. But when T.T. returned in August 2018, her mother noticed that she "wasn't herself." T.T. would avoid talking to her mother and would isolate herself in her room. After becoming increasingly concerned, T.T.'s mother went through T.T.'s phone and found sexually explicit messages between T.T. and Dusty Cowan on T.T.'s Facebook Messenger app. She also found a photograph of T.T.'s vagina on the phone. T.T. later told her mother that she had exchanged photos with Cowan, and that Cowan had sent her a picture of his penis.

At trial, T.T. testified that Cowan asked her for "very inappropriate" pictures, including pictures of her breasts and vagina. T.T. also testified that Cowan sent her a picture of his "hard" penis and that he masturbated during a live video chat between them. T.T. showed Cowan her vagina during that video chat as well.

T.T.'s mother reported the messages to the police. The police reviewed T.T.'s phone, but by that time, T.T. had deleted most of the Facebook messages and all photographs from her phone. (T.T. later testified that she had deleted these materials at Cowan's request.) The police interviewed T.T. and were able to review screenshots of the messages T.T.'s mother had taken when she first looked at T.T.'s phone.

Cowan was indicted for one count of online enticement of a minor for using a computer to entice, solicit, or encourage T.T., a child under sixteen years of age, to engage in the lewd exhibition of T.T.'s genitals.[3] Cowan was also indicted for one count of distribution of indecent material to minors for distributing to T.T., a child under sixteen years of age, material that depicted the lewd exhibition or touching of Cowan's genitals.[4]

Cowan moved to dismiss the indictment, arguing, *inter alia*, that online enticement of a minor was directed only at the victimization of children occurring *online* via chat rooms or other websites. Therefore, according to Cowan, the statute did not criminalize his conduct because he allegedly communicated with T.T. through "private text messaging." Cowan also argued that the State failed to establish that a smartphone is a "computer" as defined in AS 11.46.990(3), and that Cowan actually used a smartphone to communicate with T.T.

The superior court denied the motion to dismiss the indictment. The court rejected Cowan's interpretation of the statute, ruling that the statute was directed at any computer-based communication with children, including communication through private text messaging. The court also ruled that the grand jury could reasonably conclude that Cowan's smartphone was a computer based on evidence that Cowan used his cellphone to communicate, text, and video chat with T.T.

Cowan's case proceeded to a jury trial. At the close of evidence, the State requested the jury be instructed that a smartphone is a computer. The superior court denied this request and instead instructed the jury on the statutory definition of "computer."

---

[3]   *See* former AS 11.41.452(a)(1) (2018).

[4]   *See* AS 11.61.128(a).

During closing argument, Cowan's attorney attempted to argue that AS 11.41.452 was not enacted to proscribe online enticement of minors by any means, but rather, was enacted to protect against the enticement of minors using chat rooms or similar web sites. The attorney also attempted to argue that the statute was enacted to better equip law enforcement to perform sting operations. The prosecutor objected to this description of the statute's purpose. The superior court sustained the objection, agreeing that the argument was contrary to law.

Following deliberations, the jury convicted Cowan of both online enticement of a minor and distribution of indecent material to a minor.

Cowan conceded the statutory aggravating factor that he was more than ten years older than T.T.[5] The superior court determined that Cowan's convictions did not merge. The court sentenced Cowan to 10 years with 3 years suspended for the online enticement conviction and 2 years fully suspended for the distribution of indecent materials conviction, with the sentences to run concurrently — for a composite sentence of 10 years with 3 years suspended (7 years to serve).

This appeal followed.

*Cowan's argument that the superior court erred when it denied his motion to dismiss the indictment*

Cowan argues that the superior court erred in denying his motion to dismiss the indictment. He also argues that this constitutes "structural error" because it allegedly resulted in the jury being misinstructed on the statutory definition of online enticement of a minor.

At the time of Cowan's conduct, AS 11.41.452(a)(1) provided as follows:

> A person commits the crime of online enticement of a minor
> if the person, being 18 years of age or older, knowingly uses
> a computer to communicate with another person to entice,

---

[5]   *See* former AS 12.55.155(c)(18)(E) (2018).

solict, or encourage the person to engage in an act described in AS 11.41.455(a)(1) – (7) and . . . the other person is a child under 16 years of age[.][6]

According to Cowan, this statute only criminalized sexually explicit communications that took place "online" or through the internet, and did not apply to the communication that took place here, which Cowan characterizes as "private text messaging."

We find this contention without merit for two reasons. First, as the State points out, the communication in this case took place through Facebook Messenger, not through "private text messages" on the cell phone's default text messaging app. To communicate using Facebook Messenger, whether by cell phone or by computer, a person must access the internet. In other words, even assuming the online enticement statute required some form of connection with the internet, that requirement was met in this case.

Second, we agree with the State that Cowan is misinterpreting the scope of the statute. Cowan focuses on the fact that the 2005 legislature, which enacted the statute under which he was prosecuted, primarily described the dangers of chat rooms and other similar websites. Cowan also points out that the statute was amended in 2019 and the word "online" was eliminated. According to Cowan, this legislative change demonstrates that prior to 2019, the statute only covered communication that took place "online."

The proper interpretation of a criminal statute is a question of law that we decide *de novo* using our independent judgment.[7] Statutes are construed "according to reason, practicality, and common sense, considering the meaning of the statute's

---

6   Former AS 11.41.452(a)(1) (2018) (emphasis added).

7   *Seaman v. State*, 499 P.3d 1028, 1034 (Alaska App. 2021) (citing *Callan v. State*, 904 P.2d 856, 857 (Alaska App. 1995) and *Hillman v. State*, 382 P.3d 1198, 1200 (Alaska App. 2016)).

language, its legislative history, and its purpose."[8] Alaska courts apply a sliding scale approach to statutory interpretation, "under which 'the plainer the language of the statute, the more convincing contrary legislative history must be.'"[9]

Here, although the crime was called "online enticement," it is clear from the plain language of the statute that the statute only required that the prohibited communication take place through a "computer." In other words, the statute required the defendant to knowingly use a computer when engaging in the prohibited communication; it did not require that the computer be online or connected to the internet.

This reading of the statute is consistent with the underlying legislative purpose, which was to protect children from technology-based sexual predation. Although the 2005 legislative history focused on chat rooms as a particular source of danger for children at the time,[10] there is nothing in our review of that history to suggest that the legislature intended to restrict the statute to only computer-based communications that took place online or over the internet.[11] Indeed, such a restriction would directly contradict the underlying protective purpose the statute was designed to serve.

---

[8]  *Alaska Airlines, Inc. v. Darrow*, 403 P.3d 1116, 1121 (Alaska 2017) (citing *Louie v. BP Expl. (Alaska), Inc.*, 327 P.3d 204, 206 (Alaska 2014)).

[9]  *Id.* at 1121-22 (quoting *Bartley v. State, Dep't of Admin., Teachers' Ret. Bd.*, 110 P.3d 1254, 1258 (Alaska 2005)).

[10]  Audio of Senate Judiciary Committee, S.B. 118, statement of Senator Hollis French, 8:41:27 a.m. - 8:41:48 a.m. (Mar. 10, 2005) (noting that sexual abuse of children often begins after initial contact is made with the child in internet chat rooms, and describing online victimization as "one of the worst byproducts of the age of the internet").

[11]  *See* Minutes of House Judiciary Committee, House Finance Committee, Senate Finance Committee, Senate Conference Committee, House Conference Committee, and House State Affairs Committee, H.B. 49 (2019).

Nor is it true that the 2019 amendments support Cowan's restrictive reading of the statute. In 2019, the legislature eliminated the word "online" and the words "uses a computer."[12] The statute now reads in its current form:

> A person commits the crime of enticement of a minor if the person, being 18 years of age or older, knowingly communicates with another person to entice, solicit, or encourage the person to engage in an act described in AS 11.41.455(a)(1) – (7) and . . . the other person is a child under 16 years of age[.][13]

Cowan asserts that these amendments were made to ensure that communications through smartphones were included in the scope of the statute. But there is nothing in the 2019 legislative history that supports this claim.[14] To the contrary, the legislative history shows that the statute was amended because the legislature wanted to expand its scope to cover non-computer-based communications, which is why the legislature eliminated both the word "online" *and* the words "uses a computer."[15]

---

[12]  FSSLA 2019, ch. 4, §§ 11-13.

[13]  AS 11.41.452(a)(1).

[14]  *See* Minutes of House Judiciary Committee, House Finance Committee, Senate Finance Committee, Senate Conference Committee, House Conference Committee, and House State Affairs Committee, H.B. 49 (2019).

[15]  Audio of House Judiciary Committee, H.B. 49, statement of Assistant Attorney General Kaci Schroeder, 1:41:15 p.m. - 1:41:55 p.m. (Apr. 29, 2019) (stating that deletion of "online" from the crime of online enticement of a minor would enable the statute to encompass a broader range of conduct, such as enticement "in person or through a note"); Audio of House Finance Committee, H.B. 49, statement of Criminal Division Director John Skidmore, 12:29:01 p.m. - 12:29:38 p.m. (May 4, 2019) (stating that removal of "online" from the statute would allow the statute to encompass "face-to-face" enticement of a minor rather than only enticement through use of a computer).

We accordingly reject Cowan's claim that the version of the statute in effect when Cowan communicated with T.T. over Facebook Messenger only applied to computer-based communications that were "online."

We also reject Cowan's argument that the State failed to prove that Cowan's smartphone qualified as a computer. "Computer" is defined statutorily as:

> an electronic device that performs logical, arithmetic, and memory functions by the manipulation of electronic, optical, or magnetic impulses, and includes all input, output, processing, storage, computer software, and communication facilities that are connected or related to a computer.[16]

A smartphone fits well within that definition.[17]

Because the statute under which Cowan was convicted, former AS 11.41.452(a)(1) (2018), applied to the communications that took place in this case, we conclude the superior court did not err in denying Cowan's motion to dismiss the indictment.

*Cowan's argument that the State failed to prove a material element of the offense of online enticement of a minor*

Cowan argues that the State failed to prove that he used a computer for the prohibited communication because the State never physically introduced any smartphone into evidence and did not provide evidence of what a smartphone is. Although Cowan frames this argument as a "structural error" argument, we agree with the State that it is really a sufficiency argument. In essence, Cowan is arguing that there

---

[16] AS 11.46.990(3).

[17] *Cf. United States v. Mathis*, 767 F.3d 1264, 1283 (11th Cir. 2014) (holding that "use of a cell phone to call and send text messages constitutes the use of a computer" to solicit a minor to engage in sexually explicit conduct under a definition of computer similar to AS 11.46.990(3)); *United States v. Kramer*, 631 F.3d 900, 902-03 (8th Cir. 2011) (holding that cell phones fall within the statute defining computers as "an electronic . . . or other high speed data processing device performing logical, arithmetic, or storage functions").

was insufficient evidence presented at trial by which a fair-minded factfinder could reasonably find proof beyond a reasonable doubt that Cowan "use[d] a computer"[18] to solicit or entice T.T. to engage in the offending conduct.

When a defendant challenges the sufficiency of the evidence to support a conviction, we are required to view the evidence, and all reasonable inferences arising from that evidence, in the light most favorable to upholding the verdict.[19] We then ask "whether a fair-minded juror exercising reasonable judgment could conclude that the State had met its burden of proving guilt beyond a reasonable doubt."[20]

Here, T.T. testified that she messaged Cowan through Facebook, and that the screenshots of messages her mother took were from her chats with Cowan on Facebook. She also testified that she sent sexually explicit pictures to Cowan through Facebook, and that she engaged in a video chat with him through Facebook, during which she showed her vagina to Cowan and watched him appear to masturbate. T.T. thought Cowan's cell phone was an iPhone.

T.T.'s mother testified that she took screenshots of the chain of Facebook messages on T.T.'s phone which showed a nine-minute video chat had taken place between the participants. Cowan's wife testified that Cowan received Facebook messages and video chats from T.T. on his phone, which he used both for his business and his personal use.

Viewed in the light most favorable to upholding the verdict, this testimony was sufficient to show that Cowan had a cell phone that qualified as a computer under the broad definition of the term, and that he used this "computer" to solicit T.T. to engage in the offending acts.

---

[18] Former AS 11.41.452(a)(1) (2018).

[19] *Dailey v. State*, 65 P.3d 891, 898 (Alaska App. 2003) (citing *Simpson v. State*, 877 P.2d 1319, 1320 (Alaska App. 1994)).

[20] *Id.* (citing *Dorman v. State*, 622 P.2d 448, 453 (Alaska 1981)).

*Cowan's argument that the two convictions should have merged*

Cowan argues that his conviction for online enticement of a minor should have merged with his conviction for distribution of indecent materials to a minor because (according to Cowan) the two convictions were based on the same acts and intended to vindicate the same societal interest.

We agree with the State that Cowan's two offenses involve two different acts. Cowan was convicted of online enticement of a minor for, *inter alia*, soliciting or inducing T.T. to show her vagina to him. In other words, he was convicted under a statute that is focused on protecting children from engaging in certain types of sexual conduct at the behest of an adult and he was convicted of causing T.T. to engage in sexually inappropriate conduct. In contrast, he was convicted of distribution of indecent materials to a minor for, *inter alia*, sending T.T. a picture of his penis. This conduct was prohibited by a statute that is focused on preventing adults from sending harmful sexual material to children and his conviction rests on his own act of sending T.T. sexual material. Because these two convictions were based on two entirely different acts, separate convictions were appropriate.[21]

*Cowan's argument that his sentence is excessive*

As a first felony offender, Cowan faced a sentencing range of 5 to 15 years for his online enticement of a minor conviction, and a sentencing range of 0 to 2 years for his distribution of indecent material to a minor conviction.[22] Because the superior

---

[21]  *See Calder v. State*, 619 P.2d 1026, 1030 (Alaska 1980). We note that, although the superior court did not merge the convictions, the superior court did accept Cowan's argument that the sentence on both counts should be concurrent.

[22]  *See* former AS 12.55.125(e)(1), (i)(3)(A) (2018).

court found that both convictions were aggravated,[23] the sentencing range increased to 5 to 99 years for the online enticement conviction and 0 to 5 years for the distribution of indecent material conviction.[24] At sentencing, the court imposed 10 years with 3 years suspended for the online enticement conviction and 2 years fully suspended for the distribution of indecent material conviction, to run concurrently — for a composite sentence of 10 years with 3 years suspended (7 years to serve).

Cowan argues that this sentence was excessive in light of his lack of criminal history, his good standing in the community, and his status as a good family man and businessman. Cowan also points out that he had no violations during his lengthy pretrial release.

When we review an excessive sentence claim, we independently examine the record to determine whether the sentence is clearly mistaken.[25] The "clearly mistaken" standard contemplates that different reasonable judges, confronted with identical facts, will differ on what constitutes an appropriate sentence, and that a reviewing court will not modify a sentence that falls within a "permissible range of reasonable sentences."[26]

Here, the superior court acknowledged Cowan's potential for rehabilitation, but it expressed some skepticism about his statements of remorse and noted that it did not know whether Cowan "is a predator or if he's a person who engaged in predatory behavior and this is a one-off." The court denied Cowan's request for referral to the three-judge sentencing panel because it concluded Cowan's potential for

---

[23]  *See* former AS 12.55.155(c)(18)(E) (2018) (defendant is at least ten years older than the victim).

[24]  *See* former AS 12.55.155(a)(1), (2) (2018).

[25]  *McClain v. State*, 519 P.2d 811, 813-14 (Alaska 1974).

[26]  *Id.* at 813; *see also Erickson v. State*, 950 P.2d 580, 586 (Alaska App. 1997) (quoting *State v. Wentz*, 805 P.2d 962, 965 (Alaska 1991)).

rehabilitation was not "extraordinary." The court also denied Cowan's request for the "least serious" mitigator, in part because it concluded Cowan had abused his position of trust as a father figure to T.T. The court found that the crime was "more serious" because of Cowan's close relationship to T.T. and his knowledge of her vulnerabilities, and the court found that Cowan's conduct had a "grave, serious impact" on T.T. The court also found that Cowan caused additional harm by coercing T.T. into deleting evidence of his crimes.

Having independently reviewed the sentencing record, we conclude that the sentence imposed — which is on the lower end of the applicable ranges — was within the range of reasonable sentences and not clearly mistaken.

### Cowan's challenges to his probation conditions

Cowan challenges four of his probation conditions. Because Cowan did not object to any of these conditions in the trial court proceedings, he must show plain error to prevail on appeal.[27] Plain error is an error that: "(1) was not the result of intelligent waiver or a tactical decision not to object; (2) was obvious; (3) affected substantial rights; and (4) was prejudicial."[28]

The State concedes that Special Probation Condition No. 11 implicates Cowan's constitutional right to familial association and requires remand for reconsideration of the condition. Special Condition No. 11 prohibits Cowan from knowingly having "any direct or indirect contact with a minor under 16 years of age, unless in the immediate presence of another adult who knows the circumstances of the crime." The condition excludes Cowan's biological children but only "at the discretion of the probation officer and treatment provider."

---

[27] *State v. Ranstead*, 421 P.3d 15, 23 (Alaska 2018) (citing Alaska R. Crim. P. 47(b)).

[28] *Id.* (quoting *Adams v. State*, 261 P.3d 758, 764 (Alaska 2011)).

We agree with the State that the condition implicates Cowan's constitutional right to familial association and is not supported by the necessary findings.[29] We accordingly vacate the relevant portion of Special Probation Condition No. 11 and remand the condition to the superior court to apply special scrutiny.

The State argues that none of the other challenged probation conditions rise to the level of plain error. We agree. Cowan challenges Special Probation Condition No. 14, which allows Cowan "to open and maintain one account through an internet service provider on one device" and requires Cowan to obtain prior permission from his probation officer if he intends to access the internet from any other device or account. Cowan argues that this is too severe a restriction on his internet usage and will have a detrimental effect on his automotive repair business. But the condition allows Cowan to use other devices and other accounts with the probation officer's permission, and we presume that permission will not be unreasonably withheld if Cowan has a legitimate business need. Accordingly, we find no plain error.

We also find no plain error with regard to General Probation Condition No. 6. This condition prohibits Cowan from possessing firearms. Cowan challenges the condition as lacking a nexus to his offenses. The State argues the condition is not plainly erroneous because, as a convicted felon, Cowan is prohibited from possessing firearms

---

[29] *Simants v. State*, 329 P.3d 1033, 1038-39 (Alaska App. 2014) (vacating a similar special probation condition which prohibited the appellant "from residing in a home where a minor is present without the permission of her probation officer, her sex offender treatment provider, and the minor's parent or guardian" because the superior court did not apply the requisite special scrutiny to the probation condition); *see also Dalton v. State*, 477 P.3d 650, 651 (Alaska App. 2020) (noting probation conditions "that infringe constitutional rights," such as familial association, "are subject to special scrutiny" and require the trial court to affirmatively consider any less restrictive alternatives and have good reason for rejecting them); *Johnson v. State*, 421 P.3d 134, 138-39 (Alaska App. 2018) (vacating special probation conditions which restricted the appellant's familial associations with his wife and son because the superior court did not apply the requisite special scrutiny).

under state and federal law. The State is partially correct. Alaska law proscribes felons from possessing only concealable firearms, not all firearms.[30] Nevertheless, current federal law proscribes convicted felons from possessing any firearm that has been "shipped or transported in interstate or foreign commerce."[31] Thus, although Cowan could possess a firearm for safety or subsistence hunting under Alaska law, Cowan may not possess a firearm under federal law, and so his argument is moot because his other conditions require him to comply with federal law.

Cowan points out that we recently remanded a firearms probation restriction in *Pete v. State*.[32] But, in that case, the defendant requested the condition be modified so that, if the federal law changed, he would be able to subsistence hunt without needing to return to court to amend his probation conditions.[33] Here, Cowan did not object to the firearm probation condition in the trial court proceedings, and we do not find plain error.

Lastly, Cowan argues that Special Probation Conditions No. 4 and 6 are contradictory because, while both require him to obtain a sex offender treatment evaluation and follow any recommendations, they are inconsistent about the timing of this evaluation. Specifically, Special Condition No. 4 requires Cowan to be evaluated once he is on probation, and Special Condition No. 6 requires Cowan to be evaluated while in custody. But the potential overlap between these two conditions was discussed at sentencing, and the court declined to combine the conditions with the apparent understanding that Cowan would not be required to obtain a sex offender treatment

---

[30] AS 11.61.200(a)(1).

[31] 18 U.S.C. § 922(g)(1) (2024).

[32] *Pete v. State*, 2024 WL 260977, at *10-11 (Alaska App. Jan. 24, 2024) (unpublished).

[33] *Id.* at *10.

evaluation both in and out of custody. Because the record demonstrates that the superior court kept both conditions intact with this understanding in mind, we see no reason to remand.

*Conclusion*

This case is remanded to the superior court for the application of special scrutiny to Special Probation Condition No. 11. In all other respects, the judgment of the superior court is AFFIRMED.